**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Sanchez,<br><br>　　　　Petitioner,<br><br>vs.<br><br>Warden Bartos, et al.,<br><br>　　　　Respondents. | No. CV04-2889-PHX-SRB<br><br>**ORDER** |

On December 13, 2004, Petitioner timely filed a Petition for Writ of Habeas Corpus raising the following claims: 1) the denial of the constitutional right to represented by a competent lawyer at every critical stage of the proceeding; and 2) the use of his prior convictions to aggravate his sentence was a violation of the "United States of Arizona Constitutions Amendment V." Respondents answered on July 29, 2005 arguing that Petitioner's claims were procedurally defaulted as a result of his failure to exhaust his claims in state court and, alternatively, that his claims were not cognizable as federal habeas claims and/or lacked merit. Petitioner filed his traverse on October 31, 2005.

On January 18, 2007, the Magistrate Judge issued his Report and Recommendation recommending that Petitioner's Petition for Writ of Habeas Corpus be denied. On his first claim, that he was denied the right to effective assistance of counsel, the Magistrate Judge found that his claim was unexhausted for federal habeas purposes because he had failed to

1 present this as a federal claim before the state court and because he failed to show cause and
2 prejudice for his default. The Report and Recommendation found alternatively that even it
3 the claim of ineffective assistance of counsel could be considered, it lacked merit, because
4 Petitioner had presented no facts to support a finding of ineffective assistance of counsel.

5 Petitioner's claim that his sentence violated the "United States of Arizona
6 Constitution" because the trial court used his prior convictions to aggravate his sentence was
7 also not properly exhausted in the opinion of the Magistrate Judge. In reviewing his Post-
8 Conviction Relief Petition filed in the state trial court and his Petition for Review filed with
9 the Arizona Court of Appeals, the Magistrate Judge noted that Petitioner did not assert any
10 violation of the Fifth Amendment of the United States Constitution nor cite federal or state
11 cases that engaged in a federal constitutional analysis of the issue. Moreover, the state trial
12 court addressed Petitioner's constitutional claim as a state law claim. The Magistrate Judge
13 found unavailing any claim that a reference to the "United States of Arizona Constitutions"
14 was sufficient to raise this as a federal claim because a mere reference to the United States
15 Constitution without more does not satisfy the fair presentment requirement for federal
16 habeas claims. The Magistrate Judge concluded that this claim was unexhausted and that
17 Petitioner failed to show cause or prejudice for the default.

18 On February 5, 2007, Petitioner filed a single page objection to the Report and
19 Recommendation of the Magistrate Judge. In that objection he states:

20 I'd like to argue "cause" for the default and actual prejudice as a result of the
"alleged" violation of federal-law; also failure to review the claim will result
21 in a fundamental miscarriage of justice. Furthermore procedural default not
excused because defendant failed to present ineffective assistance of counsel
22 claim to the courts. . . According the states procedural requirement. Pruett vs.
Thomspon, 996 F.2d 1560, 1570 (4th Cir. 1993).
23
Petitioner's objection does nothing to alert the Court as to what his claim of cause and
24
prejudice is or how failure to review will result in a fundamental miscarriage of justice.
25
Petitioner also does not explain which of his two claims should be considered. The Report
26
and Recommendation of the Magistrate Judge considered the merits of the ineffective
27

28

- 2 -

1  assistance of counsel claim as an alternative basis for its decision. It found no merit to the
2  claim.

3      This Court's independent review of the record also reflects no merit to Petitioner's
4  claim of ineffective assistance of counsel. Even if Petitioner could arguably show cause and
5  prejudice or a fundamental miscarriage of justice to excuse his failure to exhaust this claim,
6  it would be to no avail since the claim lacks merit.

7      Petitioner's second claim was never presented to the state court as a federal claim and
8  his statement that he would like to argue cause and prejudice as well as a fundamental
9  miscarriage of justice does nothing to establish those limited exceptions to the requirement
10 of exhaustion. The Court's review of the record results in its agreement with the Magistrate
11 Judge that Petitioner has not demonstrated any excuse for his failure to exhaust this claim as
12 a federal claim.

13     IT IS ORDERED overruling the objection of Petitioner to the Magistrate Judge's
14 Report and Recommendation.

15     IT IS FURTHER ORDERED adopting the Report and Recommendation of the
16 Magistrate Judge as the order of this Court. (doc. 16).

17     IT IS FURTHER ORDERED that the Petition for Writ of Habeas Corpus is denied.

18
19     DATED this 13th day of March, 2007.

20
21
22                                                   _Susan R. Bolton_
23                                                   Susan R. Bolton
                                                  United States District Judge
24
25
26
27
28